IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES B. SANDERS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 20-597-RGA |
| | : |
| ROBERT MAY, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondent. | : |

## MEMORANDUM

### I.   BACKGROUND

In 1994, a Delaware Superior Court jury convicted Petitioner Charles B. Sanders of robbery, kidnapping, and assault. *See Sanders v. State*, 115 A.3d 1215 (Table), 2015 WL 3766447, at *1 (Del. June 12, 2015). The Superior Court sentenced him to a total of forty years' incarceration. *See Sanders v. State*, 734 A.2d 160 (Table), 1999 WL 507240, at *1 (Del. June 9, 1999). The Delaware Supreme Court affirmed his convictions and sentence on direct appeal. *See Sanders v. State,* 660 A.2d 395 (Table), 1995 WL 264532, at *4 (Del. May 1, 1995). Throughout the years following his conviction, Petitioner filed in the Delaware Superior Court at least eight motions for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"), all of which the Delaware Superior Court has denied. *See Sanders,* 2015 WL 3766447, at *1 (affirming denial of Petitioner's fifth and sixth Rule 61 motions and discussing dismissal of his prior Rule 61 motions); *Sanders v. State*, 145 A.3d 429 (Table), 2016 WL 4191923, at *1 (Del. Aug. 1, 2016) (affirming the dismissal of Petitioner's eighth Rule 61 motion); *State v. Sanders*, 1997 WL 855719 (Del. Super. Ct. Dec. 17, 1997) (denying

Petitioner's second Rule 61 motion). The Delaware Supreme Court affirmed all of those judgments. *See Sanders v. State,* 91 A.3d 562 (Table), 2014 WL 1878757 (Del. May 7, 2014) (affirming denial of Petitioner's fourth Rule 61 motion); *Sanders,* 2015 WL 3766447, at *1 (affirming denial of Petitioner's fifth and sixth Rule 61 motions); *Sanders*, 2016 WL 4191923, at *1 (affirming denial of Petitioner's eighth Rule 61 motion).

In March 1996, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("first habeas petition") challenging his 1994 convictions. (*See generally Sanders v. Brady,* Civ. A. No. 96-167-RRM) On March 17, 1997, the Honorable Roderick M. McKelvie denied the petition in its entirety. (*See* D.I. 56 in *Sanders v. Brady*, Civ. A. No. 96-167-RRM) Petitioner appealed that decision, and the Third Circuit denied Petitioner's request for a certificate of appealability. (*See id.* at D.I. 63 & D.I. 72 ) In 1998, the Third Circuit denied Petitioner's motion for leave for authorization to file a second habeas corpus petition. (*See id.* at D.I. 75)

In November 1997, Petitioner filed in this Court a second habeas petition ("second habeas petition"). (*See Sanders v. Kearney*, Civ. A. No. 97-631-LON at D.I. 2) The Honorable Joseph J. Longobardi granted the State's motion to dismiss Petitioner's second petition and dismissed that petition on February 4, 1998. (*See id.* at D.I. 10)

In July 1999, Petitioner filed in this Court a motion to file a second application for habeas relief. (*See Sanders v. State*, Civ. A. No. 99-481-LON at D.I. 2) Judge Longobardi denied the motion, and the Third Circuit denied Petitioner's request for a certificate of appealability in February 2000. (*See id.* at D.I. 1 & D.I. 8)

In December 2015, Petitioner filed another habeas petition ("third habeas petition") challenging his 1993 convictions – but this time he filed it in the District Court for the Eastern District of Pennsylvania. *(See Sanders v. Johnson*, Civ. A. No. 16-09-RGA at D.I. 1)  The Eastern District of Pennsylvania transferred Petitioner's third habeas petition to this Court. (*See id.* at D.I. 2 & D.I. 3)  After the transfer, Petitioner filed a motion acknowledging that his third habeas petition constituted a second or successive petition, which also asked this Court to transfer the petition to the Third Circuit. (*See id.* at D.I. 4)  The Court granted Petitioner's motion to transfer the case, and closed the case. (*See id.* at D.I. 7)  The Third Circuit eventually dismissed Petitioner's request for leave to file a second or successive petition due to his failure to comply with one of its orders. *See In re: Charles B. Sanders, Jr.*, C.A. No. 16-2735, Order (3d Cir. Sept. 12, 2016).

In September 2018, Petitioner filed another request in the Third Circuit seeking permission to file a second or successive habeas petition. *See In re: Charles Sanders*, C.A. No. 18-2942 (3d Cir. Sept. 4, 2018).  The Third Circuit denied that request on November 6, 2018, explaining that Petitioner "meets neither the pre-AEDPA standard for a second or successive petition […] nor the requirements of 28 U.S.C. § 2244(b)(2)." *Id.* at Order (3d Cir. Nov. 6, 2018).  The Third Circuit denied Petitioner's motion for rehearing *en banc* on November 30, 2018. *See id.* at Order (3d Cir. Nov. 30, 2018).

In April 2020, Petitioner filed in this Court a document titled "Motion for Relief from an Order under Rule 60(b)(1) and (6)" ("Motion"). (D.I. 1)  According to the Motion, the Delaware Superior Court denied Petitioner's petition for a writ of mandamus seeking an order requiring the State to provide evidence regarding two photographic lineups utilized prior to his trial and

subsequent convictions in 1994. (D.I. 1 at 7, 18) Petitioner asserts that the State's failure to turn over the requested evidence violated *Brady v. Maryland*. (D.I. 1 at 18) He appears to be asking this Court to reverse or vacate the Delaware court's denial of his writ of mandamus and order the State to provide him with the requested evidentiary material. (D.I. 1 at 1-7, 18)

## II.     LEGAL STANDARDS

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

Additionally, pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254. Notably, a petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff,* 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only

4

option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III.  DISCUSSION

Although presented as a motion for reconsideration filed pursuant to Federal Rule of Criminal Procedure 60(b), Petitioner's instant filing essentially challenges the validity of his 1994 convictions. Therefore, the Court construes the instant Motion to be a request for federal habeas relief.

The record in this case reveals that Petitioner's first federal habeas petition was adjudicated on the merits, the instant Petition challenges the same 1994 convictions that were challenged in his first petition, and the instant Petition also asserts claims that either were or could have been asserted in his first and subsequent petitions. *See Benchoff*, 404 F.3d at 817-18. As a result, the Court concludes that the instant Motion constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Court of Appeals for the Third Circuit authorized the filing of the instant second or successive habeas Petition.[1] The Third Circuit denied Petitioner's request for such authorization in November 2018. *See In re: Charles Sanders*, C.A. No. 18-2942, Order (3d Cir. Nov. 6, 2018). Consequently, the Court

---

[1] In fact, it appears that Petitioner included an argument almost identical to the argument presented here in a 2018 request he filed in the Third Circuit seeking authorization to file a second or successive habeas petition. *See In re: Charles Sanders*, C.A. No. 18-2942, Application (3d Cir. Sept. 4, 2018). The Third Circuit denied Petitioner's request for such authorization in November 2018. *See In re: Charles Sanders*, C.A. No. 18-2942, Order (3d Cir. Nov. 6, 2018).

5

concludes that it lacks jurisdiction to consider the instant Motion. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

Even if the Court construed the instant Motion as a request for mandamus relief from the Delaware court's mandamus denial, Petitioner would not be entitled to relief. A federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining [a petition for a writ of mandamus, the court] must identify a jurisdiction that the issuance of the writ might assist."). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Importantly, however, "[s]tate courts are not lower courts' from this Court's perspective, and principles of comity and federalism ensure that a federal court ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Whiteford*, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013). Petitioner does not allege any action or omission by a federal officer, employee, or agency that this Court might have mandamus jurisdiction to address in the first instance. Therefore, to the extent the Motion constitutes a request for mandamus relief, the Court will deny it for lack of jurisdiction. *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963) (finding District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

Finally, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant Motion for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Motion for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

January 18, 2022

_____
UNITED STATES DISTRICT JUDGE

7